HELD BY THE COURT, that it is a fair and reasonable interpretation of the lien law, to understand it as giving protection to credits for the accommodations and even luxuries usually furnished to steam vessels in the present day, equally with those having relation to merely repairing and rigging a ship so as to render her navigable, and that cabin furniture supplied to a steamship, intended to be engaged in transporting passengers, comes within the class of privileged claims, without an allegation in the pleadings that they went into the construction of the ship or were attached permanently to her.

Decree for libellants accordingly, with a reference.

---

PITMAN (UNITED STATES v.).  See Case No. 16,051.

---

## Case No. 11,188.

### In re PITT et al.

[8 Ben. 389; 14 N. B. R. 59; 23 Pittsb. Leg. J. 196.] [1]

District Court, E. D. New York.  Feb., 1876.

BANKRUPTCY—AMENDMENT OF PETITION.

A petition in bankruptcy against a firm, naming only two partners of the firm and omitting the third member, cannot be amended so as to make the third member a party, after all the testimony has been taken and the cause is before the court upon hearing; and upon a petition so defective, the firm cannot be adjudicated bankrupts.

[In the matter of Charles S. Pitt and Alfred Pitt, bankrupts.]

Thomas M. Wheeler, for petitioning creditors.

Miller & Van Valkenburgh, for bankrupts.

BENEDICT, District Judge.  The subsisting firm of Pitt Brothers, sought to be adjudicated bankrupt by these proceedings, is composed of Charles S. Pitt, Alfred Pitt, and Walter Pitt.  But the proceeding has been taken against Charles S. Pitt and Alfred Pitt alone, Walter Pitt not being made a party. Upon such a petition the existing firm of Pitt Brothers cannot be adjudged bankrupts, because all the persons comprising the firm are not before the court.

The defect cannot be cured by an amendment made at this time, when all the testimony has been taken and the cause is before the court upon hearing.  The application to amend should have been made when the defect was discovered and before taking the proofs of the act of bankruptcy.

---

PITT (SPRAGUE v.).  See Case No. 13,254.

PITT, The (UNITED STATES v.).  See Case No. 16,052.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.  23 Pittsb. Leg. J. 196, contains only a partial report.]

PITTMAN (UNITED STATES v.).  See Case No. 16,053.

---

## Case No. 11,189.

### In re PITTOCK.

[2 Sawy. 416; [1] 8 N. B. R. 78.]

District Court, D. Oregon.  May 6, 1873.

USURY LAW, CONSTRUCTION OF—PROHIBITION AND PENALTY—PROHIBITORY ACT, CONSTRUCTION OF—USURIOUS INTEREST—JURISDICTION OF BANKRUPTCY COURT.

1. It is the province of the law-making power to determine what rate of interest on money will best secure and promote the public good, and therefore it is the duty of the courts to construe and administer such a law with a view to effect its objects and to promote justice.

2. Where a statute contains both a prohibition and a penalty, a contract or transaction contrary thereto is absolutely illegal and void, unless it appears, upon a consideration of the whole act, that the legislature did not so intend.
[Cited in Dowell v. Applegate, 7 Fed. 883; U. S. v. Howard, 17 Fed. 641.]

3. Where an act to regulate the rate of interest on money contains an unqualified prohibition against taking or receiving a greater interest than therein prescribed, and in a certain contingency also provides for the forfeiture of the entire usurious debt, the reasonable inference is that the legislature intended to make all acts and contracts in contravention thereof absolutely illegal and void.

4. Section two of the interest act of Oregon (Code, p. 755, c. 24, § 2) provides that, "no person shall receive any greater sum or value for the loan or use of money," than in such act prescribed:  Held, that it is not necessary that this "greater sum or value" should be contracted for or received at the time of making the loan, to bring the transaction within the prohibition; but if it is received at any time for or on account of such loan or use of money, it is within such prohibition, and the whole contract or transaction becomes illegal and void.

5. This court has jurisdiction to allow or disallow claims against a bankrupt's estate, and therefore to pass upon their legality: and this, although it may not have jurisdiction to enforce a penalty imposed by the state law on account of an act making any such claim illegal.
[Cited in Re Prescott, Case No. 11,389.]

L. C. Potter made proof of a debt of $387.25 against the bankrupt's estate, to which the assignee objected on the ground that the claim was usurious and illegal.  On April 10, 1873, the bankrupt and creditor were examined before the register in relation to the matter, from which it appeared that: "On October 13, 1872, Potter came into Robert Pittock's store on Front street, and asked Pittock if he wanted some money.  Pittock replied that he did; Potter then counted out $370 in coin, laid it upon the desk, and Pittock gave him his note for $370, with interest at one per centum per month.  At the same time, and while the money was still lying upon the desk, Potter asked Pittock how much he was going to allow him for the accommodation, when Pittock handed him $20, which Potter took and went

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]